UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK CROOK and VICTORIA CROOK, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>WMC MORTGAGE CORPORATION,<br><br>　　　　　　Defendant. | Case No. 06-cv-535-JPG |

**MEMORANDUM AND ORDER**

　　This matter is before the Court on the notice of voluntary dismissal filed by Plaintiffs Frederick Crook and Victoria Crook (Doc. 20).  The Crooks brought this suit as a putative class action against Defendant WMC Mortgage Corporation ("WMC") in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, on February 17, 2005.  On June 26, 2006, the Crooks filed an amended complaint, whereupon WMC removed the case to this Court, alleging federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).  Although the Crooks initially sought remand of the case to state court on grounds of lack of subject matter jurisdiction, on September 8, 2006, the Crooks filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

　　At one time it was the law of this Circuit that voluntary dismissal of a class action, including a putative class action, is governed by Rule 23 of the Federal Rules of Civil Procedure. *See, e.g., Baker v. America's Mortgage Servicing, Inc.*, 58 F.3d 321, 324 (7th Cir. 1995); *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 625-28 (7th Cir. 1986); *Simer v. Rios*, 661 F.2d

655, 665 (7th Cir. 1981); *Nagel v. ADM Investor Servs., Inc.*, 65 F. Supp. 2d 740, 747 (N.D. Ill. 1999). As amended in 2003, however, Rule 23 provides that "[t]he court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a *certified* class." Fed. R. Civ. P. 23(e)(1)(A) (emphasis added). "[T]he 2003 amendments make clear that Rule 23 . . . only applies to the 'claims, issues, or defenses of a certified class.' Thus, settlements or voluntary dismissals that occur before class certification are outside the scope of [Rule 23]." 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1797 (3d ed. 1998 & Supp. 2006) (footnote omitted). Because no class has been certified in this case, voluntary dismissal in this instance is governed not by Rule 23 but by Rule 41 of the Federal Rules of Civil Procedure.

Rule 41 provides, in pertinent part, "an action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed. R. Civ. P. 41(a)(1)(i). "Unless otherwise stated in the notice of dismissal . . . , the dismissal is without prejudice." *Id*. A plaintiff's right to voluntary dismissal by notice before the filing of an answer or a motion for summary judgment is "absolute." *Hare v. Abbott Labs.*, No. 97 C 2692, 1997 WL 223056, at *1 (N.D. Ill. Apr. 29, 1997); *Miller v. Stewart*, 43 F.R.D. 409, 411 (E.D. Ill. 1967). *Cf. Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993); *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993); *Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976). "The right of voluntary dismissal by notice prior to service of the answer or a motion for summary judgment extends as fully to cases removed from a state court as it does to cases commenced in a federal court." 9 Wright & Miller, *Federal Practice & Procedure* § 2363 (collecting cases). This is because "a case removed from state court to federal

2

court becomes, 'when it arrive[s] there, . . . subject to the same rules of procedure as if it had been originally sued in [federal] court.'" *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 854 (S.D. Ill. 2006) (quoting *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337 (7th Cir. 1953)). Further, the absolute right to voluntary dismissal under Rule 41(a)(1)(i) obtains even where a challenge has been raised to a district court's subject matter jurisdiction. *See University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999); *Nix v. Fulton Lodge No. 2 of Int'l Ass'n of Machinists & Aerospace Workers*, 452 F.2d 794, 797-98 (5th Cir. 1971).

  Although this case has generated a fairly extensive record in state court, the Court's careful review of that record does not disclose that WMC has ever filed either an answer or a motion for summary judgment so as to foreclose the Crooks' right to voluntary dismissal by notice. The Court notes that on April 21, 2006, WMC filed in state court a motion to dismiss pursuant to 735 ILCS 5/2-619 that was supported by affidavits, but the Court concludes that WMC's motion to dismiss did not cut off the Crooks' absolute right to voluntary dismissal. The United States Court of Appeals for the Seventh Circuit has held that a motion to dismiss accompanied by materials outside the pleadings does not become a motion for summary judgment so as to terminate a plaintiff's right to voluntary dismissal under Rule 41(a)(1)(i) until such time as a district court "affirmatively decides not to exclude the extraneous matters" in ruling on the motion to dismiss. *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002) (quoting *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993)) (the plaintiffs had an absolute right to voluntary dismissal, even though the defendant filed a motion to dismiss that was later converted to a motion for summary judgment on the same day the plaintiffs filed a notice of voluntary dismissal, where the trial court did not convert the motion to dismiss into a motion for summary judgment until after the plaintiffs' notice of voluntary

dismissal was filed). *Cf. Swedberg v. Marotzke*, 339 F.3d 1139, 1142-45 (9th Cir. 2003) (a motion to dismiss for failure to state a claim upon which relief can be granted that is supported by extraneous materials cannot be regarded as a motion for summary judgment until a district court acts to convert the motion by indicating that it will not exclude extraneous materials from its consideration, and thus, such a motion will not, at the time it is served, preclude voluntary dismissal by the plaintiff); *Missouri v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) (same); *Finley Lines Joint Protective Bd. Unit 200, Bhd. Ry. Carmen v. Norfolk S. Corp.*, 109 F.3d 993, 995-97 (4th Cir. 1997) (same); *Microsensor, Inc. v. SMK Corp.*, 228 F.R.D. 39, 40 (D.D.C. 2005) (same).

The Crooks' notice of voluntary dismissal has divested the Court of jurisdiction to consider any of the motions pending in this case when the notice was filed. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994); *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077-78 (7th Cir. 1987); *Bryan v. Smith*, 174 F.2d 212, 214 (7th Cir. 1949); *Piper Jaffray & Co. v. Severini*, No. 06-C-346-S, 2006 WL 2278012, at *3 (W.D. Wis. Aug. 8, 2006). *Cf. University of S. Ala.*, 168 F.3d at 409 ("Voluntary dismissal [under Rule 41(a)(1)(i)] normally may precede any analysis of subject matter jurisdiction because it is self-executing and moots all pending motions, obviating the need for the district court to exercise its jurisdiction."); *Hinsdale v. Farmers Nat'l Bank & Trust Co.*, 823 F.2d 993, 996 (6th Cir. 1987) (the district court had no jurisdiction to enforce a settlement agreement where a prior unconditional dismissal, based on the parties' stipulation for dismissal with prejudice following a settlement agreement, was not vacated nor the proceedings reopened). Accordingly the Court will deny as moot the Crooks' motion for remand of this case to state court (Doc. 9) together with WMC's motion for a hearing on same (Doc. 17), and WMC's motion to dismiss the

Crooks' operative complaint in this case for failure to state a claim upon which relief can be granted (Doc. 5).

To conclude, because the Crooks have an absolute right to dismiss this case at the present time, the Court finds that this action is **DISMISSED without prejudice** and **DIRECTS** the Clerk of Court to close the file on this case.  The Crooks' motion for remand (Doc. 9), WMC's motion for a hearing on remand (Doc. 17), and WMC's motion to dismiss (Doc. 5) are **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: October 5, 2006**

s/ J. Phil Gilbert
**J. PHIL GILBERT
DISTRICT JUDGE**
